UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, <br><br>Plaintiff, <br><br>v. <br><br>HUONG XUAN THI NGUYEN, <br><br>Defendant. | Case No.: 5:10-CV-05715 EJD <br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") moves for entry of default judgment in the amount of $111,200.00 against Defendant Huong Xuan Thi Nguyen, individually and d/b/a/ Bun Rieu 1 a/k/a Quan Huong ("Defendant"). Plaintiff seeks damages stemming from Defendant's alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on September 23, 2011. For the reasons discussed below, the motion will be GRANTED.

**I. BACKGROUND**

**A. Procedural history**

Plaintiff filed the instant action on December 15, 2010. After Defendant was served with process and failed to respond, (Docket No. 16), Plaintiff moved for entry of default and served the motion by mail, (Docket No. 18). The clerk entered default on July 1, 2011. (Docket No. 19). Plaintiff moved for default judgment on August 9, 2011, and has provided proof of service

indicating that a copy of the notice and application for default judgment were mailed to Defendant. (Docket No. 19). Defendant did not appear at the hearing.

**B. Factual history**

Plaintiff is a distributor of sports and entertainment programming. It purchased the rights to broadcast a December 19, 2009 Stikeforce event between Cung Le and Scott Smith, together with undercard bouts, televised replay, and color commentary (collectively, the "Program"). It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons. The Program was broadcast in interstate commerce by means of an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Jeff Kaplan ("Kaplan"), an investigator hired by Plaintiff, observed an exhibition of the Program in Bun Rieu 1 a/k/a Quan Huong. Defendant was not a sublicensee entitled to exhibit the Program. Kaplan entered the premises without paying a cover charge and observed the Program on five televisions. (Decl. of Affiant at 2). Between 7:50 p.m. and 7:58 p.m., he performed three headcounts, noting the presence of ten, ten, and ten people by each respective count. (Id. at 3). The declaration indicates the capacity of Bun Rieu 1 a/k/a Quan Huong as fifty and did not state whether Kaplan observed either a satellite dish or a cable box. (Id.)

## II. DISCUSSIONs

Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,200 in damages for conversion. Plaintiff also alleges that Defendant has violated 47 U.S.C § 553(a), which provides for statutory damages pursuant to subsection (c)(3)(A)(ii) and enhanced damages pursuant to subsection (c)(3)(B).

**A. Whether to apply 47 U.S.C. § 605 or 47 U.S.C § 553**

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1 (1944); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has

2

Case No.: 5:10-CV-05715 EJD
ORDER GRANTING DEFAULT JUDGMENT

'(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.'" California Satellite Systems v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing National Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981)). Plaintiff alleges in its complaint that it transmitted the Program, that Defendant unlawfully intercepted the Program, and that Defendant exhibited the Program. (Complaint ¶¶ 9-13.)

However, § 605 applies only to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. J & J Sports Productions, Inc. v. Man Thi Doan, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov.13, 2008) (citing United States v. Norris, 88 F.3d 462 (7th Cir. 1996)). The pleadings do not allege that Defendant intercepted a satellite broadcast, and Kaplan does not state that he observed a satellite dish at Bun Rieu 1 a/k/a Quan Huong. (Decl. of Affiant). Plaintiff contends that it has been unable to ascertain whether Defendant utilized a satellite dish only because Defendant has refused to answer and appear in the instant case. Nonetheless, the Court may not enter default judgment if the factual allegations in the pleadings are insufficient to establish liability.

However, the complaint also asserts a claim under 47 U.S.C. § 553, which "prohibits a person from 'intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system.'" Man Thi Doan, 2008 WL 4911223 at *2 (quoting 47 U.S.C. § 553(a)(1)) (alterations in the original). While Kaplan does not state that he observed a cable box, (Decl. of Affiant), it is undisputed that Defendant intercepted the broadcast by some means, and a cable box is hidden more easily than a satellite dish. Accord J & J Sports Productions, Inc. v. Guzman et al., 3:08-cv-05469-MHP, 2009 WL 1034218, at *2 (N.D. Cal. April 16, 2009). Accordingly, Plaintiff's allegations are sufficient for present purposes to establish Defendant's liability under § 553(a)(1).

**1. Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)**

An aggrieved party may recover either actual damages pursuant to § 553(c)(3)(A)(i) or statutory damages pursuant to § 553(c)(3)(A)(ii). A court may award statutory damages of "not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). While

the violation in the instant case does not appear to be particularly egregious, Plaintiff requests the statutory maximum. Plaintiff contends that the maximum award against Defendant is necessary to deter future violations.

Plaintiff has presented evidence of the capacity of the establishment as fifty, which served ten persons during each of Kaplan's headcounts, and the Program was shown on five televisions. These factors suggest that maximum damages are unwarranted. The Court finds that an award of $1,000 is sufficient under the circumstances.

**2. Enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B)**

47 U.S.C. § 553(c)(3)(B) provides that in the case of a willful violation for purposes of commercial advantage or private gain, "the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000." Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain. (Complaint ¶ 13). Facts alleged in the pleadings are binding upon the defaulting party. Geddes, 559 F.2d at 560.

However, while Bun Rieu 1 a/k/a Quan Huong is a commercial establishment, it is not at all clear that it is "a business where certain events, such as boxing matches, would be shown to the public." American Cablevision of Queens v. McGinn, 817 F.Supp. 317, 320 (E.D.N.Y. 1993). Although Plaintiff has brought to the attention of the court another case pending in which similar conduct is alleged, that case was filed after the events at issue in this action and therefore is not particularly probative of the Defendant's wilfulness or purpose during the events at issue here. In light of the fact that Kaplan observed only ten people present and there was no cover charge, the Court concludes that this is not an appropriate situation for the Court to exercise its discretionary authority to impose enhanced damages.

**B. Damages for conversion**

As a result of Defendant's default, the facts alleged in the pleadings are sufficient to establish that Defendant wrongfully denied Plaintiff ownership of the right to control the exhibition the Program and therefore are sufficient to establish that Defendant is liable for the tort of conversion. See Culp v. Signal Van & Storage, 142 Cal.App.2d Supp. 859, 862 (Cal. App. Dep't

4

Case No.: 5:10-CV-05715 EJD
ORDER GRANTING DEFAULT JUDGMENT

Super. Ct. 1956). Pursuant to Cal. Civ. Code § 3336, Defendant is liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $1,200.

### III. CONCLUSION

Plaintiff's motion is granted. Plaintiff shall recover $1,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii) and $1,200 pursuant to Cal. Civ. Code § 3336.

IT IS SO ORDERED.

Dated: September 30, 2011

_____
EDWARD J. DAVILA
United States District Judge

5

Case No.: 5:10-CV-05715 EJD
ORDER GRANTING DEFAULT JUDGMENT